UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **CHRISTOPHER PAYNE,** individually and on behalf of all others similarly situated, <br><br> *Plaintiff,* <br><br> v. <br><br> **SBL INVESTMENTS LLC, d/b/a SINGLE POINT CAPITAL**, a Texas registered company, <br><br> *Defendant.* | Case No. <br><br> **CLASS ACTION COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Christopher Payne ("Plaintiff Payne" or "Payne") brings this Class Action Complaint and Demand for Jury Trial against Defendant SBL Investments LLC d/b/a Single Point Capital ("Defendant" or "Single Point Capital") to stop the Defendant from violating the Telephone Consumer Protection Act ("TCPA") by placing unsolicited text messages to phone numbers that are registered on the National Do Not Call registry ("DNC"). Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Payne, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

1

## PARTIES

1. Plaintiff Payne is a resident of Boerne, Texas.

2. Defendant Single Point Capital is a Texas registered company headquartered in Humble, Texas. Defendant Single Point Capital conducts business throughout this District and throughout the US.

## JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction over the Defendant because the Defendant is located in this District.

5. Venue is proper in this District under 28 U.S.C. § 1391(b) because the Defendant is located in this District.

## INTRODUCTION

6. As the Supreme Court explained at the end of its term this year, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's

representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

7. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

8. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

9. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

10. According to online robocall tracking service "YouMail," 4.5 billion robocalls were placed in November 2023 alone, at a rate of 150.2 million per day. www.robocallindex.com (last visited December 27, 2023).

11. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

12. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls

13. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

14. Defendant SBL Investments LLC operates using the d/b/a Single Point Capital.[3]

15. Single Point Capital is a division of the Single Point Group of Companies:

### WELCOME TO THE SINGLE POINT GROUP OF COMPANIES

Single Point Group is a multifaceted company that provides a complete suite of financial services, logistics and back office support to our customers and partners. We offer exceptional integrated transportation and financial services through the utilization of sophisticated technology solutions, quality personnel and 60 years of combined industry experience. Click on a logo to visit the website.

  

[4]

---

[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf

[3] https://tsdr.uspto.gov/#caseNumber=90008214&caseSearchType=US_APPLICATION&caseType=DEFAULT&searchType=statusSearch

[4] https://singlepointgroup.com/

16. Single Point Capital is an invoice factoring company that provides payment and capital services, including same-day invoice solutions to freight companies/operators throughout the U.S.[5]

17. Defendant Single Point Capital uses telemarketing as a method of acquiring new business.

18. Defendant Single Point Capital sends unsolicited text messages to phone numbers that are registered on the DNC, as per Plaintiff's experience.

19. In response to these text messages, Plaintiff Payne brings forward this case seeking injunctive relief requiring the Defendant to cease from violating the TCPA, as well as an award of statutory damages to the members of the Class and costs.

## PLAINTIFF PAYNE'S ALLEGATIONS

20. Plaintiff Payne is the sole owner and user of his cell phone number ending in 0578.

21. Plaintiff Payne registered his cell phone number on the DNC on March 15, 2023.

22. Plaintiff Payne uses his cell phone number for personal use only. It is not associated with a business.

---

[5] https://singlepointcapital.com/

5

23. Plaintiff Payne's cell phone number is registered under his name and he pays for the service in full.

24. Plaintiff Payne does not own a residential landline number.

25. Plaintiff Payne's cell phone number has never been held out to the public or advertised for business purposes.

26. It has only ever been used as a personal use phone number.

27. Plaintiff Payne uses his cell phone number to communicate with his family and friends.

28. Plaintiff Payne uses his cell phone number to deal with household issues like scheduling services.

29. On November 28, 2023, Plaintiff Payne registered a USDOT number.

30. Shortly after registering the USDOT number, Plaintiff Payne received a large number of insurance solicitations from insurance and factoring companies, including solicitations from Defendant.

31. On November 29, 2023 at 10:35 AM, Plaintiff received an unsolicited text message to his cell phone from Defendant, from phone number 844-561-1400 stating:

> "Single Point Capital offers freight factoring services with same-day pay, low rates and back-office support, allowing you to focus on trucking and growing your new business.
>  Text CAPITAL for info
> Text STOP to end"

32. 844-561-1400 does not accept incoming calls when dialed.

33. On December 6, 2023 at 10:34 AM, Plaintiff received a 2nd unsolicited text message to his cell phone from Defendant, from phone number 844-561-1400 stating:

> "Single Point Capital is following up to help grow your trucking company.
> Get insurance, fuel, loads, factoring & more
> Txt CAPITAL for info
> Text STOP to end

34. Plaintiff Payne has never done business with Single Point Capital.

35. The unauthorized solicitation text messages that Plaintiff received from or on behalf of Defendant have harmed Plaintiff Payne in the form of annoyance, nuisance, and invasion of privacy, and disturbed the use and enjoyment of his phone.

36. Seeking redress for these injuries, Plaintiff Payne, on behalf of himself and a Class of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

37. Plaintiff Payne brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Class:

> **Do Not Call Registry Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant Single Point Capital texted more than one time, (2) within any 12-month period, (3) where the person's residential telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason Defendant texted Plaintiff.

38. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiff Payne anticipates the need to amend the Class definition following appropriate discovery.

39. **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable, and Plaintiff is a member of the Class.

40. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    (a) whether Defendant Single Point Capital placed multiple text messages within a 12-month period to Plaintiff and other consumers whose

telephone numbers were registered with the DNC for at least 30 days of the time of each call;

(b) whether the text messages constitute a violation of the TCPA;

(c) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

41. **Adequate Representation**: Plaintiff Payne will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff Payne has no interests antagonistic to those of the Class, and the Defendant has no defenses unique to Plaintiff. Plaintiff Payne and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff Payne nor his counsel have any interest adverse to the Class.

42. **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as wholes, not on facts or law applicable only to Plaintiff Payne. Additionally, the

damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

### FIRST CAUSE OF ACTION
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Payne and the Do Not Call Registry Class)**

43. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

44. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or his telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

45. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone

subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

46. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff Payne and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

47. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff Payne and the Do Not Call Registry Class received more than one text message in a 12-month period made by or on behalf of the Defendant in violation of 47 C.F.R. § 64.1200, as described above.

48. As a result of Defendant's conduct as alleged herein, Plaintiff Payne and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

49. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff as the representative of the Class; and appointing his attorneys as Class Counsel;

b) An award of money damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited calling/texting activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Payne requests a jury trial.

**CHRISTOPHER PAYNE**, individually and on behalf of all others similarly situated,

DATED this 8th day of February, 2024.

By: /s/ *Nayeem N. Mohammed*

Nayeem N. Mohammed (local counsel)
Law Office of Nayeem N. Mohammed
539 W. Commerce St.
Ste 1899
Dallas, TX 75208
972-767-9099
Email: nayeem@nnmpc.com

Avi R. Kaufman*
kaufman@kaufmanpa.com
KAUFMAN P.A.
237 S Dixie Hwy, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorney for Plaintiff and the putative Class*

* *Pro Hac Vice* Admission to Be Sought